selected by the defendants themselves and the price agreed upon. The defendants claim that, pending the arrival of the plants in America, they sold a quantity of them to third parties at a considerable profit; that when the plants arrived they were not those selected but worthless plants; and that the purchaser refused to take them whereby the defendants lost their profit. They now seek to defalk this profit. The court below instructed the jury that the alleged profit was not a proper set-off. This alone is assigned for error.

Ordinarily, loss of profit is not damage for which recovery can be had, but the appellant here invokes the rule that when a purchaser of an article, which cannot be obtained in the general market, sells to a third party at a profit, the profit is the measure of damage between the original buyer and seller on a failure to deliver. This rule cannot be applied, when the goods are shown by testimony to be obtainable in the market, and to have some market value at the place of delivery, or where the terms of the contract of resale are not disclosed with completeness. Both of these objections to the application of the rule appear to exist in the present case as shown by the abstract of testimony with which we have been furnished, and lead us to affirm the ruling of the trial judge in excluding the alleged loss of profit from the consideration of the jury.

Judgment affirmed.

---

# John Heuberger's License.    Appeal of Christian Meile.

*Liquor law—Transfer of license—Act of* 1897.

An application was filed for a retail license at No. 2129 East Dauphin street; subsequently the same applicant filed an application marked ' change of location " for a license at 2118 and 2120 East Dauphin street. The first application was refused, the second granted. *Held,* not to be a transfer of an existing license from one place to another, but the ordinary case of a license upon an application in due form and that the Act of July 15, 1897, P. L. 297, does not apply.

Argued Oct. 11, 1898. Appeal, No. 99, Oct. T., 1898, by Christian Meile, from judgment of Q. S. Phila. Co., March T.,

1898, No. 1851, in changing the location of retail license.   Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Application for retail liquor license.   Before ARNOLD, P. J. and BIDDLE, P. J.

It appears from the record that on February 7, 1898, John Heuberger filed in the clerk's office of the quarter sessions of Philadelphia his application No. 1104 of March term, 1898, for a retail liquor license at No. 2129 East Dauphin street.   On February 11, 1898, the said John Heuberger filed another application for a retail liquor license with said clerk of said court No. 2200 of March term, 1898, for the premises Nos. 2118 and 2120 East Dauphin street, said last application being marked on the records of said office " Change of Location."   On May 2, 1898, after a hearing upon a remonstrance filed by Christian Meile the owner of the premises 2129 East Dauphin street, against said proposed change of location, the said last mentioned application was granted, and the first mentioned application refused.   On the 17th day of May, 1898, the said Christian Meile was refused a rule to open the decree of the court below granting change of location.

Christian Meile appealed.

*Errors assigned* were (1) granting the retail liquor license for Nos. 2118 and 2120 Dauphin street.   (2) In refusing retail liquor license for 2129 East Dauphin street.   (3) In allowing change of location of the retail liquor license of John Heuberger from the premises 2129 East Dauphin to 2118 and 2120 East Dauphin street.   (4) In granting a transfer of the retail liquor license of John Heuberger from 2129 East Dauphin street, to 2118 and 2120 East Dauphin street, as there is nothing on the record showing a state of facts as required by said act as to justify said transfer.   (5) In allowing a change of location of the retail liquor license of the said John Heuberger in the absence of a valid law allowing them to do so.

*John H. Fow*, for appellant.—The granting of a license to sell liquor at retail to John Heuberger at Nos. 2118 and 2120 East Dauphin street, while holding a license to sell liquor at

retail at No. 2129 East Dauphin street, was error under the Act of July 15, 1897, P. L. 297.

An examination of the records in this case shows that no facts were presented as required by the said act to warrant the court in granting the said license.

The question also arises whether the said act under which the court acted is constitutional. When the question properly arises as to the power of the legislature to pass a law or where they have gone beyond constitutional limits it is the duty of the court to declare it void if found to be not in conformity with the constitution: Powell v. Com., 19 W. N. C. 24.

The act in question offends article 3, section 7 of the constitution of Pennsylvania. This prohibition in the constitution is based upon the rule that rights of persons and property must be secured by general law, which must be uniform and of like force everywhere throughout the commonwealth: Davis v. Clark, 106 Pa. 377.

The act in question is not a general law. In the cities throughout the commonwealth the license courts are restricted in transferring from place to place within the boundary of the ward where the original license is held, but in a borough there is no such restriction, the court having power to go from ward to ward. The same argument also applies to those places in the state where the wards are divided into precincts and the act does not mention townships at all. Therefore it is plain to be seen that this is not a general act applicable alike to every part of the commonwealth, the dividing line is so apparent that it is a wonder that it ever received executive sanction, its wording clearly defeats its general application and is obnoxious to the prohibition of the constitution forbidding local legislation to be passed under the guise of a general law.

The omission to allow the courts to transfer a license from place to place within the boundary of a township is alone sufficient for the purpose of this argument.

*Matthew Dittman*, for appellee.—The appellant in his argument contends that the grant of the license for Nos. 2118 and 2120 East Dauphin street is a transfer, and governed by the provisions of the Act of Assembly of July 15, 1897, P. L. 297.

Such is not the case. It is not a transfer of an old or exist-

ing license from one place to another. Licenses are granted but for one year, and each year an application for a new license must be made, which may be granted or refused as the judges of the court of quarter sessions may in their discretion deem proper. Hence the act of July 15, 1897 does not apply to this case.

This license was an original grant, and one which is within the discretion of the court granting the same, and in the absence of anything in the record showing an abuse of such discretion, it will not be reviewed by a higher court: Quinton's License, 169 Pa. 115 ; Gross's License, 161 Pa. 344; Knarr's Petition, 127 Pa. 554; Fowler's License, 2 Pa. Superior Ct. 63.

PER CURIAM, November 14, 1898 :

This was not the transfer of an existing license from one place to another, but the ordinary case of the grant of a license upon an application in due form. The Act of July 15, 1897, P. L. 297, does not apply.

Order affirmed.

---

Christopher Gallagher *v.* William Stern, defendant, and August W. Woebken, Terre-Tenant and Intervening Defendant, Appellants.

*Appeals—Review of discretion—Refusal to open judgment—Evidence—Contracts—Alteration by parol.*

A written agreement may be altered by parol, and, where the case turns upon whether such alteration was agreed to, the appellate court will not reverse the exercise of the discretion by the court below in refusing to open judgment entered on a mortgage when the testimony of the mortgagor denying the parol alteration is contradicted by three or four witnesses, called by the plaintiff mortgagee, who support it in terms and with positiveness.

Argued Oct. 4, 1898. Appeal, No. 35, Oct. T., 1898, by terre-tenant, from order of C. P. No. 3, Phila. Co., Sept. T., 1893, No. 388, refusing to open judgment and let terre-tenant into a defense. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER JJ. Affirmed.